UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA RAISBECK,

        Petitioner,

                                                      CASE NO. 2:16-CV-13754
v.                                          HONORABLE DENISE PAGE HOOD

ANTHONY STEWART,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

This is a *pro se* habeas action brought pursuant to 28 U.S.C. § 2254. Tonya Raisbeck ("Petitioner") was convicted of one count of conducting a criminal enterprise/racketeering following a jury trial in the Allegan County Circuit Court and was sentenced to three to 20 years imprisonment in 2013. In her petition, she challenges the sufficiency of the evidence to support her conviction. At the time she instituted this action, Petitioner was confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. She was released on parole in October, 2016 and discharged from state custody in October, 2017. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System

("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=815316. For the reasons set forth, the Court denies habeas relief. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II. Facts and Procedural History

Petitioner's conviction arises from her actions in forming a mortgage-related business in 2008, soliciting clients and promising to obtain mortgage modifications for them, taking money from those clients in 2009 and 2010, and then not providing the promised services. The Michigan Court of Appeals described the underlying facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> In the summer of 2010, Special Agent John C. Mulvaney headed an investigation into Mobile Modification, Inc. (MMI), a business incorporated by Raisbeck in 2008. MMI operated from a location in Fennville. For a fee, MMI promised to obtain mortgage modifications for its customers. Mulvaney's investigation began after several complaints were received that MMI would collect its fees, but provide nothing to its customers. On July 27, 2010, Raisbeck was arrested on misdemeanor charges and presented with a search warrant for the premises on which the business operated. Raisbeck allowed agents to search the premises. Through this search, agents discovered 195 customer files. After reviewing these files, it did not appear that a single modification had been successfully completed.
>
> Raisbeck was initially prosecuted in Allegan County in case numbers 10–017019–FH and 10–017020–FH. These cases concerned six victims. Ultimately, Raisbeck was convicted of two counts of false

2

pretenses more than $1,000 but less than $20,000. She was also convicted of one count of conspiracy to commit false pretenses. While preparing for this first trial, Mulvaney became aware of additional victims of MMI. After these initial cases concluded, Special Agent Pete Ackerly took over the investigation. Ackerly identified several additional victims. In January 2012, Raisbeck was charged with racketeering in case number 12–017853–FH, the case from which the instant appeal arises. On September 6, 2013, after a lengthy trial, a jury convicted Raisbeck of one count of racketeering. Through a special verdict form, the jury concluded that Raisbeck defrauded nine individual victims of a total of $7,752.[4]

[4] Specifically, the jury found that Raisbeck defrauded three victims of $994 each, and six victims of $795 each. The jury found that Raisbeck had not defrauded three additional victims.

*People v. Raisbeck*, 312 Mich. App. 759, 760-62, 882 N.W.2d 161 (2015) (irrelevant footnotes omitted).

Following her conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence, sentencing credit, and restitution. The court denied relief on the sufficiency of the evidence and sentencing credit claims, but granted relief on the restitution claim. The court vacated the judgment of sentence with respect to restitution, remanded the case for entry of an order containing the proper restitution amount, and affirmed Petitioner's conviction in all other respects. *Id.* at 763-73. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Raisbeck*, 499

Mich. 871, 875 N.W.2d 224 (2016). Petitioner also filed a motion for reconsideration, which was denied. *People v. Raisbeck*, 499 Mich. 973, 880 N.W.2d 538 (2016).

Petitioner dated her federal habeas petition on October 20, 2016. She challenges the sufficiency of the evidence to support her conviction. Specifically, she asserts:

> I. The state appellate court unreasonably applied the proof beyond a reasonable doubt constitutional standard where the state court applied the standard to the facts and then relied upon an unsupported prosecutorial theory to affirm a racketeering conviction.
>
> II. The state appellate court unreasonably determined that an unsupported prosecutorial theory of aggregation was fact, despite there being no record evidence to support such a finding, and it being in complete opposition to the factual findings made by the jury on the special verdict form.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

### III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides, in relevant part:

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible

6

fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely

established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 562 U.S. at 100.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent.  "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA."  *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _, 135 S. Ct. 1, 2 (2014) (per curiam).  The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review.  28 U.S.C. § 2254(e)(1).  A petitioner may rebut this

8

presumption with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Habeas review is also "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**IV.     Discussion**

Petitioner challenges the sufficiency of the evidence to support her racketeering conviction.  The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson,* 443 U.S. at 324 n. 16).

A federal court views this standard through the framework of 28 U.S.C. § 2254(d).  *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002).  Under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on

9

habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). "[I]t is the responsibility of the jury – not the court – to decide what conclusions should be drawn from the evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, the "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

Applying the *Jackson* standard, the Michigan Court of Appeals denied relief on this claim, stating as follows:

> 'A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt.'[5]

As this Court has explained:

> [I]n order to find defendant guilty of racketeering, the jury needed to find beyond a reasonable doubt that: (1) an enterprise existed, (2) defendant was employed by or associated with the enterprise, (3) defendant knowingly conducted or participated, directly or indirectly, in the affairs of the enterprise, (4) through a pattern of

racketeering activity that consisted of the commission of at least two racketeering offenses that (a) had the same or substantially similar purpose, result, participant, victim, or method of commission, or were otherwise interrelated by distinguishing characteristics and are not isolated acts, (b) amounted to or posed a threat of continued criminal activity, and (c) were committed for financial gain.[6]

Raisbeck challenges whether there was sufficient evidence to demonstrate that she engaged in a pattern of racketeering activity. As is provided by statute:

> (c) "Pattern of racketeering activity" means not less than 2 incidents of racketeering to which all of the following characteristics apply:
>
> (i) The incidents have the same or a substantially similar purpose, result, participant, victim, or method of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated acts.
>
> (ii) The incidents amount to or pose a threat of continued criminal activity.
>
> (iii) At least 1 of the incidents occurred within this state on or after the effective date of the amendatory act that added this section, and the last of the incidents occurred within 10 years after the commission of any prior incident, excluding any period of imprisonment served by a person engaging in the racketeering activity.[7]

To establish a pattern of racketeering activity, the prosecutor relied, in part, on Raisbeck's previous false pretenses convictions. Raisbeck argues that because the prosecutor only presented a single judgment of sentence, which did not establish the precise dates on which she committed the previous offenses, the prosecutor failed to establish the third statutory element of racketeering. The essence of her argument is that to satisfy this element, the crimes must have been committed on separate dates, and without evidence of these specific dates, her

conviction cannot stand. Raisbeck is incorrect. Nothing in the statutory definition of a "pattern of racketeering activity" requires that the predicate criminal acts forming the basis of a racketeering conviction occur on different dates. The statute simply requires that the last criminal act occur within ten years of the previous criminal act, excluding the time during which a defendant is imprisoned.[8] The criminal acts at issue in this case all occurred within a period of less than ten years. Moreover, even excluding her previous false pretenses convictions, Raisbeck's racketeering conviction would be supported by the jury's conclusion that she defrauded nine additional victims.[9] Raisbeck's argument lacks merit.

Raisbeck also argues that the prosecutor did not present sufficient evidence to establish that she engaged in "racketeering" as that term is defined. "Racketeering" is defined, in relevant part, as committing or conspiring to commit "[a] felony violation of [MCL 750.218], concerning false pretenses."[10] Raisbeck argues that because no single transaction exceeded the $1,000 threshold stated in MCL 750.218(4)(a), there exists no evidence that she committed a felony violation of MCL 750.218. She argues that a prosecutor cannot aggregate separate incidents to satisfy the monetary threshold of MCL 750.218(4)(a). Raisbeck is incorrect. To satisfy the monetary threshold stated in MCL 750.218(4)(a), a prosecutor may aggregate separate, but related, incidents that occur within any twelve-month period.[11] The prosecutor did so, aggregating 18 separate acts into five violations of MCL 750.218(4)(a). Raisbeck does not dispute that the separate incidents occurred within a period of twelve months, or that, as aggregated, those violations satisfied the $1,000 threshold.[12] Accordingly, Raisbeck's argument lacks merit.

[5] *People v. Gaines*, 306 Mich. App. 289, 296, 856 N.W.2d 222 (2014).

[6] *People v. Martin*, 271 Mich. App. 280, 321, 721 N.W.2d 815 (2006), *aff'd* 482 Mich. 851, 752 N.W.2d 457 (2008).

[7] MCL 750.159f(c).

[8] MCL 750.159f(c)(iii).

[9] The prosecutor aggregated these victims into three violations of MCL 750.218(4)(a) (false pretenses).

[10] MCL 750.159g(w).

[11] As is provided by Michigan's false pretenses statute, "The values of land, interest in land, money, personal property, use of the instrument, facility, article, or valuable thing, service, larger amount obtained, or smaller amount sold or disposed of in separate incidents pursuant to a scheme or course of conduct within any 12–month period may be aggregated to determine the total value involved in the violation of this section." MCL 750.218(8).

[12] Regardless, we note that the record reflects that the individual incidents occurred in a period of nine months, from June 2008 to February 2009. The record also demonstrates that, through a special verdict form, the jury concluded that Raisbeck committed no less than three violations of MCL 750.218(4)(a). These violations do not include Raisbeck's previous convictions of false pretenses, which also formed part of the basis for her racketeering conviction.

*Raisbeck*, 312 Mich. App. at 762-65.[1]

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The evidence at trial, including business and bank records, and the testimony of law enforcement officers, bank officials, Petitioner's secretary, and several victims showed that Petitioner started a business, MMI, that she operated that business, that as part of that business she solicited clients who had home mortgage difficulties and

---

[1]The Court notes that the dates in footnote 12 appear to be incorrect as the incidents occurred in 2009 and 2010.

promised them that she would seek modifications to their mortgages to prevent foreclosures and reduce payments, that she took money from those clients for financial gain, and that she did not provide the promised services. Those dealings took place in Allegan County, Michigan primarily from March, 2009 through July, 2010 and involved nine clients who were defrauded of $7,752 (three at $994 each and six at $795 each). The record also indicates that Petitioner was previously convicted of two felony counts of false pretenses of $1,000 or more but less than $20,000 (and one conspiracy count for the same) in the Allegan County Circuit Court for similar actions that occurred with respect to six other clients in 2009.

Such testimony, and reasonable inferences therefrom, provided sufficient evidence of Petitioner's guilt of the racketeering offense. Petitioner challenges the inferences the jury drew from the testimony presented at trial. However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict was reasonable. The evidence presented at trial, viewed in a light favorable to the prosecution, established

beyond a reasonable doubt that Petitioner formed a business enterprise, that she operated and knowingly conducted its business, that she engaged in a pattern of racketeering activity of two or more incidents of defrauding people as to mortgage relief, with similar purposes, methods, and results, in a pattern of continuing criminal activity, and that the incidents occurred in Michigan after the 1996 effective date of the statute, within 10 years of each other, and within a 12-month period for the purpose of aggregating dollar amounts.

Petitioner also challenges the state court's interpretation of the racketeering statutes, such as the validity of aggregating the amounts defrauded from victims and the use of the false pretense convictions as predicate acts. To the extent that Petitioner contests the state court's decision under state law or challenges its statutory interpretation, however, she is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Stumpf v. Robinson*, 722 F.3d 739, 746 n. 6 (6th Cir. 2013); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Habeas relief is

not warranted on such a basis.

**V.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A federal court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at

484-85.

Having considered the matter, the Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to her habeas claim(s). Accordingly, the Court **DENIES** a COA. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager